IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 4:96cr45-RH/WCS

DAVID NECASTILLE BEJACMAR,

    Defendant.

_____/

**ORDER DENYING WRIT OF ERROR CORAM NOBIS**

Defendant David Necastille Bejacmar pled guilty to a charge of bank fraud. During the plea colloquy, he admitted that he was in fact guilty, and he acknowledged his obligation to make restitution of over $34,000.

Defendant paid the restitution obligation down to less than $10,000 prior to sentencing. He did so in the belief, based on his attorney's advice, that an offense of this type involving less than $10,000 (as evidenced by the restitution obligation) might not subject him to deportation.

Defendant was sentenced to five years probation including eight months home detention. The judgment included a restitution order in an amount under $10,000.

As it turned out, paying the restitution obligation down to an amount under $10,000 did not insulate defendant from a deportation effort.  After learning of the intention of immigration authorities to deport him, defendant filed a motion under 28 U.S.C. §2255 asserting that the guilty plea was involuntary because he lacked full understanding of the consequences.  The motion was denied on May 21, 2001. (Document 51).

Defendant now has filed a "petition for writ of error coram nobis."  *See United States v. Morgan*, 346 U.S. 502, 74 S. Ct. 247, 98 L. Ed. 248 (1954).  Defendant is not entitled to coram nobis relief for at least three reasons.

First, a writ of error coram nobis is appropriate only when an "error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Moody v. United States*, 874 F.2d 1575, 1576-77 (11th Cir. 1989); *accord United States v. Peter*, 310 F.3d 709, 711-12 (11th Cir. 2002).  Defendant has alleged claims of ineffective assistance of counsel, newly discovered evidence, and trial court error for failure to appreciate the immigration consequences of the guilty plea.  In fact, most of defendant's allegations are misstatements of the record or frivolous claims.  *See, e.g.*, *United States v. Campbell*, 778 F.2d 764, 768 (11th Cir. 1985) (holding that even if counsel failed to advise defendant of immigration consequences of guilty plea, deportation is a collateral consequence of the plea and

knowledge of collateral consequences is not required for voluntary guilty plea). Defendant's claims do not rise to the level of rendering the guilty plea invalid or irregular.

Second, all of defendant's allegations could have been raised on direct appeal. This renders coram nobis unavailable. *See United States v. Mosavi*, 138 F.3d 1365, 1366, n.1 (11th Cir. 1998).

Third, defendant actually raised these issues in his §2255 motion, further precluding coram nobis relief. *See United States v. Mills*, 221 F.3d 1201, 1204 (11th Cir. 2000) ("[C]ourts may consider coram nobis petitions only where no other remedy is available and the [defendant] presents sound reasons for failing to seek relief earlier.") (citing *Morgan*, 346 U.S. at 512, 74 S. Ct. at 247).

Finally, even aside from these limitations on coram nobis, it is clear that defendant's petition falls short on the merits. Although defendant now says he was not guilty, he flatly admitted his guilt during his plea colloquy. And defendant denied at that time that his plea was based on any promises other than those explicitly set forth in the plea agreement, which was silent on immigration matters. Defendant's assertion now that the facts were otherwise carries little weight. *See Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 52 L. Ed. 2d 36 (1977) (noting that defendant's representations at a plea hearing "constitute a formidable barrier" in later collateral proceedings based on contrary assertions). As correctly

*Page 4 of 4*

set forth at some length in the magistrate judge's report and recommendation on defendant's original §2255 motion, defendant is not entitled to relief.  *See* Report and Recommendation filed March 29, 2001 (document 48).

For these reasons,

IT IS ORDERED:

Defendant's petition for a writ of coram nobis (document 54) is DENIED.

SO ORDERED this 8th day of August, 2005.

s/Robert L. Hinkle  
Chief United States District Judge
